IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUN 10 2016

CLERK, U.S. DISTRICT COURT
By _____
         Deputy

| | | |
|---|---|---|
| ANTHONY RAY WILLIAMS, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:16-CV-444-A |
| | § | (NO. 4:07-CR-147-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION
and
ORDER

This is another of the late-filed 28 U.S.C. § 2255 motions the court has received where the movant has placed reliance on the holding of the Supreme Court in Johnson v. United States, 576 U.S. ____, 135 S. Ct. 2551 (2015), to argue that by reason of § 2255(f)(3) Johnson caused the one-year period of limitation prescribed by § 2255(f)(1) for the filing of a § 2255 motion to start running anew. The court has concluded that Johnson does not accomplish for movant, Anthony Ray Williams, what he claims it does.

I.

Background

Movant was convicted on pleas of guilty to four counts of bank robbery in violation of 18 U.S.C. § 2113(a) (Counts Two, Three, Four, and Six) and two counts of using and carrying a firearm during a crime of violence in violation of 18 U.S.C.

§ 924(c)(1) (Counts Five and Seven).[1]  The Count Five firearm offense alleged that the crime of violence in which the firearm was used or carried was the bank robbery alleged in Count Four; and, the Count Seven firearm offense alleged that the crime of violence in which the firearm was used or carried was the bank robbery alleged in Count Six.

By virtue of 18 U.S.C. § 924(c)(1)(A)(ii) movant's statutory term of imprisonment as to Count Five was "not less than 7 years."  By virtue of 18 U.S.C. § 924(c)(1)(C)(i) his term of imprisonment as to Count Seven was "not less than 25 years." None of those terms could run concurrently with any other term of imprisonment imposed on movant, including any term of imprisonment imposed for the crime of violence during which the firearm was used, carried, or possessed.  18 U.S.C. § 924(c)(1)(D)(ii).[2]

---

[1]The pleas were to the counts of a superseding indictment filed October 17, 2007.  No. 4:07-CR-147-A, Doc. 34.

[2]All references to sections of 18 U.S.C. § 924 in this memorandum opinion and order are to § 924 as it existed in the year 2007, the year movant committed the offenses for which he was sentenced. Apparently the current version is worded the same as the 2007 version.
The pertinent provisions of 18 U.S.C. § 924(c)(1) and (3) read in relevant part as follows:
(c)(1)(A) Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence . . . (including a crime of violence . . . that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence . . . --

(continued...)

2

As reflected by the judgment that was entered in the movant's criminal case on February 2008, movant was sentenced to a term of imprisonment of 30 months as to each of Counts Two, Three, Four, and Six, 84 months as to Count Five, and 200 months as to Count Seven, with the sentences imposed as to Counts Two, Three, Four, and Six to run concurrently with each other, the sentence imposed as to Count Five to run consecutively to the sentences imposed as to Counts Two, Three, Four, Six, and Seven, and the sentence imposed as to Count Seven to run consecutively to the sentences imposed as to Counts Two, Three, Four, Five, and

---

[2](...continued)
. . . .
    (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; . . .
. . . .
    (C) In the case of a second or subsequent conviction under this subsection, the person shall--
        (i) be sentenced to a term of imprisonment of not less than 25 years; . . .
. . . .
    (D) Notwithstanding any other provision of law--
. . . .
        (ii) no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence . . . during which the firearm was used, carried, or possessed.
. . . .
    (3) For purposes of this subsection the term "crime of violence" means an offense that is a felony and--
        (A) has an element the use, attempted use, or threatened use of physical force against the person or property of another, or
        (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.
Id.

Six, for an aggregate sentence of 314 months.  No. 4:07-CR-147-A, Doc. 122 at 2.

Movant filed a notice of appeal from his conviction and sentence.  The Fifth Circuit dismissed his appeal on June 6, 2008, pursuant to movant's unopposed motion to dismiss the appeal.  No. 4:07-CR-147-A, Doc. 167.  Thus, the one-year period of limitation for the filing by movant of a § 2255 motion commenced on June 6, 2008, and expired in June 2009 unless renewed, as movant urges, by § 2255(f)(3).

II.

Ground of the Motion

The only ground of movant's § 2255 motion is worded as follows:

> Whether the void-for-vagueness doctrine under
> Johnson v. United States, (135 S.Ct. 2551 (2015))
> extends to the "Second or Subsequent Conviction" Clause
> of 18 Title U.S.C. §924(c)(1)(C); and Whether same
> void-for-vagueness doctrine under Johnson authorizes
> the vacatur of Petitioner's §924(c) convictions.

Doc. 1 at 7.[3]  So far as the court can determine, from movant's memorandum in support of his § 2255 motion, his contentions are that:

---

[3]Unless otherwise indicated, the "Doc. ___" references are to the numbers assigned to the referenced items on the docket in this Case No. 4:16-CV-444-A.

4

(1)   The "'void-for-vagueness' doctrine under <u>Johnson</u>
. . . extends to the 'Second [or] Subsequent Conviction'
Clause of 18 Title U.S.C. §924(c)(1)(C)."  Doc. 1, Attached
Mem. at 2.

(2)   "[T]he Second or Subsequent Conviction Clause of
18 Title U.S.C. §924(c)(1)(C) does not authorize multiple
convictions under a single criminal action as the statute
has been written by Congress."  <u>Id.</u> at 8.

(3)   The underlying bank robbery offenses, which served
as the "crimes of violence" contemplated by § 924(c)(1)(A),
did "not have as an element the use, attempted use, or
threatened use of physical force against the person of
another and thus conclusion is drawn that §2113(a) cannot be
labeled as a crime of violence or violent felony as it
directly applies to [movant's] plea of guilty to §924(c)."
<u>Id.</u> at 13.

For the reasons given below, the court is not persuaded that
movant is entitled to a renewal of the one-year period of
limitation for the filing of a § 2255 motion inasmuch as
§ 2255(f)(3) does not apply here.

III.

Applicable Legal Principles

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later

collateral attack." <u>Moore v. United States</u>, 598 F.2d 439, 441

(5th Cir. 1979) (citing <u>Buckelew v. United States</u>, 575 F.2d 515,

517-18 (5th Cir. 1978)).

IV.

<u>Analysis</u>

As noted, movant's time for filing a motion to vacate, set

aside, or correct sentence has already expired. Thus, to pursue

relief, movant must show that <u>Johnson</u> has been made retroactively

applicable to his case. Specifically, section 2255 provides with

regard to limitations:

> (f) A 1-year period of limitation shall apply to a
> motion under this section. The limitation period shall
> run from the latest of ---
>
> (3) the date on which the right asserted was
> initially recognized by the Supreme Court, if that
> right has been newly recognized by the Supreme Court
> and made retroactively applicable to cases on
> collateral review . . . .

28 U.S.C. § 2255(f)(3).

The Supreme Court has made abundantly clear that the

limitation period of § 2255 is to be strictly construed in

accordance with the words used by Congress. <u>Dodd v. United</u>

<u>States</u>, 545 U.S. 353, 359 (2005). And, that is so even if the

result is harsh. <u>Id.</u> See <u>Fierro v. Cockrell</u>, 294 F.3d 674, 684

(5th Cir. 2002)(noting that the limitations period is strictly

applied and "subject only to the narrowest of exceptions").

The holding in <u>Johnson</u> is that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." 135 S. Ct. at 2563. In particular, the Court says that its decision does not call into question any other provision of the Act. <u>Id.</u> And, in <u>Welch v. United States</u>, the Court reminded: "<u>Johnson</u> considered the residual clause of the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(2)(B)(ii). The Court held *that provision* void for vagueness." 136 S. Ct. at 1260-61 (emphasis added). The Court concluded, "<u>Johnson</u> announced a substantive rule that has retroactive effect in cases on collateral review." <u>Id.</u> at 1268.

The right announced in <u>Johnson</u> specifically pertains to 18 U.S.C. § 924(e)(2)(B)(ii). The statute at issue in movant's sentencing is 18 U.S.C. § 924(c)(1), a provision specifically not at issue in <u>Johnson</u>. The right asserted by movant is not "the right . . . [that] has been newly recognized by the Supreme Court and made retroactively applicable." Accordingly, § 2255(f)(3) does not apply and movant's motion is untimely.

8

V.

<u>Order</u>

The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 be, and is hereby, dismissed as untimely.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED June 10, 2016.

JOHN McBRYDE
United States District Judge